# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA

V.

IGNACIO RODRIGUEZ

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 00-4331-BSS

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about <u>October 2, 2000</u>, in <u>Broward</u> county, in the <u>Southern</u> District of <u>Florida</u> defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally possess with intent to distribute a controlled substance, that is, in excess of 500 grams of a mixture and substance containing a detectable amount of cocaine

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__

I further state that I am a(n) __Special Agent__ and that this complaint is based on the following facts:
<br>Official Title

Please see attached affidavit.

Continued on the attached and made a part hereof: [x] Yes [ ] No

Signature of Complainant
Robert Shinn, Special Agent
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence,

October 3, 2000                                       at  Ft. Lauderdale, Florida
Date                                                       City and State

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                          Signature of Judicial Officer

## AFFIDAVIT

Before me, the undersigned personally appeared Robert Shinn, who being duly sworn, deposes and states:

1. I am employed as a Special Agent with the Drug Enforcement Administration (DEA) in Fort Lauderdale, Florida. I have been a Special Agent for approximately three and one half (3 1/2) years and I am currently assigned to investigate violations of federal narcotics laws. Prior to my employment with the DEA, I was a police officer in St. Louis County Missouri for eight (8) years. During my last two (2) years in St. Louis County I was assigned to a narcotics unit where I conducted narcotic investigations.

2. During my career as a DEA Agent and as a police officer, I have participated in numerous investigations involving violations of narcotics laws, including numerous investigations involving cocaine. As a result of my experience, I am familiar with the manner and methods used by narcotics traffickers to distribute narcotics.

3. This affidavit is submitted in support of a complaint to show probable cause charging IGNACIO RODRIGUEZ with a violation of federal law to wit: possession with intent to distribute cocaine, in violation of Title 21, United States Code, Section 841 (a) (1). These are not all of the facts known to the affiant but only those necessary for a determination of probable cause.

4. On October 2, 2000, members of the Broward County Domestic Interdiction Unit (DIU) received a tip from a Confidential Source (CS) revealing the suspicious travel itinerary of RODRIGUEZ. Upon arrival of US Air flight 2721, which originated from La Guardia Airport to the Fort Lauderdale/Hollywood International Airport, DIU detectives/agents obtained RODRIGUEZ checked bag tag numbers and pulled the respected bags, which were being offloaded on to the baggage carousel. Detective Wheatley, utilizing his narcotic detecting K-9 "Quorolla" conducted an open air inspection

of RODRIGUEZ' checked bags. K-9 Quorolla alerted to a narcotic odor emanating only from RODRIGUEZ' black garment bag.

5. Detective Sergeant Weiner and your affiant responded to the corresponding baggage claim belt and advised Detective Wheatley that we were in place to maintain surveillance of the bags. Detective Wheatley then placed RODRIGUEZ' bags on the baggage carousel for RODRIGUEZ to claim. Det. Sgt. Weiner and your affiant observed a Latin male, later identified as IGNACIO RODRIGUEZ retrieve the bags from baggage claim belt, at which time we approached RODRIGUEZ and identified ourselves as law enforcement officers by displaying our respective badges and photo identification.

6. Det. Sgt. Weiner asked to see RODRIGUEZ' airline ticket, which identified him as IGNACIO RODRIGUEZ and further observed the corresponding bag tag numbers for the bag to which the narcotic detecting K-9 alerted. Det. Sgt. Weiner then returned the ticket to RODRIGUEZ, and asked if he had packed his bags, at which time RODRIGUEZ replied that he packed a blue suitcase, however did not acknowledge the black garment bag. Det. Sgt. Weiner asked if both bags were his, which RODRIGUEZ replied yes. Det. Sgt. Weiner then asked if there were any narcotics or large sums of U.S. currency contained inside either of the bags. Rodriguez replied no. Det. Sgt. Weiner asked RODRIGUEZ if we could search both bags, which he replied yes.

7. Your affiant searched the black garment bag, which revealed two square shaped packages made of white tape and attached to hangers concealed by men's slacks and business type suits. Through your affiant's experience and training along with the alert of a narcotic detecting K-9, your affiant believed the (2) packages contained a narcotic substance and placed RODRIGUEZ under investigative detention. Your affiant then escorted him to the DIU office for further investigation.

8. Upon arrival to the DIU office, your affiant removed the (2) packages from the garment bag, at which time Detective Wheatley field tested one of the packages, which tested positive for

2

cocaine, a Schedule II controlled substance. The packages were then weighed, which revealed a gross weight of 2,251.8 grams.

9. Det. Sgt. Weiner advised RODRIGUEZ of his Constitutional Rights per Miranda, witnessed by S/A Shinn. RODRIGUEZ advised that he understood his rights and agreed to waive same. RODRIGUEZ thereafter reported that he knew he was carrying cocaine and that he was a courier for a Haitian cocaine trafficking organization transporting cocaine from Port of Prince, Haiti to New York, where he met another subject who he stayed with in New York and accompanied him on the flight from New York to Fort Lauderdale, Florida, where the cocaine would be distributed. RODRIGUEZ was to be paid $3,500.00 by the organization upon successful to Fort Lauderdale. RODRIGUEZ was then placed under arrest and transported to the Fort Lauderdale City Jail, until relinquished into the custody of the United States Marshals.

FURTHER YOUR AFFIANT SAITH NOT.

Robert Shinn, Special Agent
Drug Enforcement Administration

Subscribed and sworn to
before me this 3rd day of October, 2000.

Barry S. Seltzer
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

UNITED STATES OF AMERICA

vs.

IGNACIO RODRIGUEZ,

    Defendant
_____/

CRIMINAL COVER SHEET

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?  ___ Yes   _X_ No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? ___Yes   _X_ No

                Respectfully submitted,

                GUY A. LEWIS
                UNITED STATES ATTORNEY

BY:  _____
                BRUCE O. BROWN
                ASSISTANT UNITED STATES ATTORNEY
                Florida Bar Number 999490
                500 East Broward Blvd., Suite 700
                Ft. Lauderdale, Florida 33394
                TEL (954)356-7255 Ext. 3508
                FAX (954)356-7336