**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IGNACIO RODRIGUEZ,

    Defendant.
_____/

CASE NO.: 00-6301-CR-ROETTGER



### DEFENDANT IGNACIO RODRIGUEZ' OBJECTIONS
### TO PRE-SENTENCE INVESTIGATION REPORT

**COMES NOW,** the Defendant IGNACIO RODRIGUEZ, by and through his undersigned counsel and hereby files these his Objections to the Government's Pre-sentence Investigation Report and alleges as follows:

1. The Defendant IGNACIO RODRIGUEZ hereby objects to Paragraph 10 of the Pre-sentence Investigation Report and affirmatively states that the unidentified person referred to in said paragraph was in fact identified by Defendant IGNACIO RODRIGUEZ at his debriefing. Said person was identified as Harold Delinoix, an un-indicted co-conspirator in the matter herein currently being investigated by the United States Attorney's Office.

2. The Defendant IGNACIO RODRIGUEZ hereby objects to Paragraph 13 of the Pre-sentence Investigation Report and affirmatively states that the unidentified person referred to in said paragraph was in fact identified by Defendant IGNACIO RODRIGUEZ at his debriefing. Said person was identified as Lonzie Nichols, an un-indicted co-conspirator in the matter herein currently being investigated by the United States Attorney's Office.

3. The Defendant IGNACIO RODRIGUEZ hereby objects to Paragraph 19 of the Pre-sentence Investigation Report and affirmatively states that the unidentified person referred to in said paragraph was in fact identified by Defendant IGNACIO RODRIGUEZ at his debriefing.

NON-COMPLIANCE OF S.D. fla. L.R.

Said person was identified as Harold Delinoix, an un-indicted co-conspirator in the matter herein currently being investigated by the United States Attorney's Office.

4.  The Defendant IGNACIO RODRIGUEZ hereby objects to Paragraph 20 of the Pre-sentence Investigation Report and affirmatively states that while the Government claims that the Defendant's role in this matter is not deserving of a mitigating role adjustment, the Defendant's involvement in this case can at best be described as minimal and he should be afforded a classification of minimum role in this offense.

5.  The Defendant IGNACIO RODRIGUEZ hereby objects to Paragraph 23 of the Pre-sentence Investigation Report and affirmatively states that his Statement of Acceptance of Responsibility and the Statement in Support of his Application for the Safety Valve Reduction has been served upon the U.S. Probation officer and the prosecutor in this matter and is attached hereto as Exhibit "A".

6.  The Defendant IGNACIO RODRIGUEZ hereby objects to Paragraph 25 of the Pre-sentence Investigation Report in that it fails to provide the Defendant with the appropriate adjustment pursuant to 5C1.2, acknowledging the Defendant's qualification for the safety valve in this matter. The Defendant's guidelines should be reduced by two (2) levels as a result of this item.

7.  The Defendant IGNACIO RODRIGUEZ hereby objects to Paragraph 27 of the Pre-sentence Investigation Report in that it fails to provide the Defendant with a downward adjustment for his role in this offense. The Defendant's involvement in this case can at best be described as minimal and, as such, he should be afforded a classification of minimum role in this offense, thereby reducing his guideline by four levels.

8.  The Defendant IGNACIO RODRIGUEZ hereby objects to Paragraph 29 of the Pre-sentence Investigation Report in that it is based upon an adjusted offense level of 26 when in fact the correct adjusted offense level should be 20 which includes a two level reduction for the safety valve and a four level reduction for the Defendant's minimal role in this offense.

9. The Defendant IGNACIO RODRIGUEZ hereby objects to Paragraph 31 of the Pre-Sentence Investigation Report in that it fails to award the Defendant with a three level adjustment for acceptance of responsibility.

10. The Defendant IGNACIO RODRIGUEZ hereby objects to Paragraph 32 of the Pre-sentence Investigation Report in that it is based upon a total offense level of 26 when in fact the correct adjusted offense level should be 17.

11. The Defendant IGNACIO RODRIGUEZ hereby objects to Paragraph 35 of the Pre-sentence Investigation Report in that it states that the misdemeanor the Defendant was involved with warrants one point as to Defendant's criminal history. The Defendant argues that pursuant to §4A1.3 of the Federal Sentencing Guidelines, his past offense as referred to in paragraph 35 clearly and significantly over-represents the seriousness of the Defendant's criminal history as well as Defendant's likelihood to commit further crimes. The misdemeanor referred to in Paragraph 35 involved a charge of petit theft stemming from the Defendant's actions in 1998 when he was observed placing a bag of corn nuts valued at $1.19 in the front of his pants and then proceeded past several cash registers without paying for the $1.19 item. Any criminal history point attributed to the Defendant based upon this past criminal conduct could elevate the Defendant to a level II in terms of criminal history even though Defendant's criminal history is significantly less serious than that of most defendants in the same criminal history category. A downward departure from the guidelines regarding the attribution of one criminal history point to the Defendant should be granted and the Defendant should not receive any criminal history points based upon his conduct referred to in paragraph 35 of the Pre-Sentence Investigation Report.

12. The Defendant IGNACIO RODRIGUEZ hereby objects to Paragraph 36 of the Pre-sentence Investigation Report in that it states that the misdemeanor the Defendant was involved with warrants one point as to Defendant's criminal history. The Defendant argues that pursuant to §4A1.3 of the Federal Sentencing Guidelines, his past offense as referred to in

paragraph 36 clearly and significantly over-represents the seriousness of the Defendant's criminal history as well as Defendant's likelihood to commit further crimes. The misdemeanor referred to in Paragraph 36 involved a possession of marijuana charge wherein the Defendant was a passenger in a vehicle that contained a "joint". The Defendant clearly was not in possession of the contraband and further was unaware that if he pled guilty to this charge he would be affected by said plea at a later date in time. Any criminal history point attributed to the Defendant based upon this past criminal conduct could elevate the Defendant to a level II in terms of criminal history even though Defendant's criminal history is significantly less serious than that of most defendants in the same criminal history category. A downward departure from the guidelines regarding the attribution of one criminal history point to the Defendant should be granted and the Defendant should not receive any criminal history points based upon his conduct referred to in paragraph 36 of the Pre-Sentence Investigation Report.

13. The Defendant IGNACIO RODRIGUEZ hereby objects to Paragraph 64 of the Pre-sentence Investigation Report in that it indicates that the Defendant has an offense level of 26, a criminal history category of II and a guideline imprisonment range of 70-87 months. The correct offense level is 17, the correct criminal history category is I and the Defendant's correct guideline range is 24-30 months.

14. In accordance with the Pre-sentence Investigation Report the Defendant IGNACIO RODRIGUEZ also requests the government to file a motion for downward departure pursuant to §5K1.1 for the Defendant's substantial assistance to authorities. The Defendant's cooperation herein has directly led to the identification of two potential federal defendants and an ongoing investigation should lead to their arrests at any time. The Government has acknowledged this fact and the Defendant believes he is entitled to a §5K1.1 adjustment at sentencing.

Respectfully submitted.

**Law Offices of Barry T. Shevlin, P.A.**
1111 Kane Concourse, Suite 605
Bay Harbor Islands, Florida 33154
(305) 868-0304

By: _____
Barry T. Shevlin, Esq.
Florida Bar No.: 511587

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via Facsimile and U.S. Mail to Bruce Brown, Esq., Assistant United States Attorney, at 299 East Broward Blvd., Ft. Lauderdale, Florida 33301 and via Facsimile (305) 523-5496 and U.S. Mail to: Bonita Abrams, United States Probation Officer, 300 NE 1st Avenue, Suite #315, Miami, Florida 33132 on this _____ day of July 2001.

**Law Offices of Barry T. Shevlin, P.A.**
1111 Kane Concourse, Suite 605
Bay Harbor Islands, Florida 33154
(305) 868-0304

By: _____
Barry T. Shevlin, Esq.