**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA,   CASE NO.: 00-6301-CR-ROETTGER

    Plaintiff,

v.

IGNACIO RODRIGUEZ,

    Defendant.
_____/



## DEFENDANT'S MOTION FOR REHEARING ON SENTENCING

**COMES NOW**, Defendant IGNACIO RODRIGUEZ (hereinafter "RODRIGUEZ"), by and through his undersigned counsel, and respectfully moves this Honorable Court for re-hearing and reconsideration of the sentencing in this matter and as grounds for such relief states as follows:

1. That the sentencing of IGNACIO RODRIGUEZ in this matter was conducted on August 29, 2001.

2. That at the aforementioned sentencing, the Court sentenced RODRIGUEZ to the mandatory minimum of five (5) years incarceration based upon a criminal history level of II and no downward adjustment for the safety valve pursuant to §5C1.2.

3. That the Court at sentencing failed to take into consideration certain salient facts associated with the criminal history of RODRIGUEZ and thus RODRIGUEZ was sentenced to a period of incarceration, which far exceeds the actual penalty RODRIGUEZ should have been afforded. That more specifically, based upon §4A1.3 of the Federal Sentencing Guidelines, RODRIGUEZ' past offenses clearly and significantly over-represent the seriousness of RODRIGUEZ' criminal history as well as RODRIGUEZ' likelihood to commit further crimes. As such, only one criminal history point should have been charged to RODRIGUEZ, thus qualifying him for a criminal history category of I.

4.  a)  That the Court at sentencing applied two misdemeanors, allegedly committed by RODRIGUEZ, to his criminal history, thereby attributing RODRIGUEZ with two criminal history points for sentencing purposes. One of the misdemeanors the Court relied upon involved a charge of petit theft stemming from RODRIGUEZ' actions in 1998 when he was arrested on charges of petit larceny/theft. The facts of this case involved RODRIGUEZ being observed placing a bag of corn nuts valued at $1.19 in the front of his pants and then proceeding past several cash registers without paying for the $1.19 item. RODRIGUEZ was arrested and his adjudication was withheld. His punishment involved no jail time and required RODRIGUEZ to perform community service.

b)  The Court at sentencing concluded that RODRIGUEZ should be attributed with one criminal history point as a result of the above-described misdemeanor, despite the fact that RODRIGUEZ' only actions pertaining to that incident was depriving a store of an item which sells for $1.19. What the Court failed to consider was that according to §4A1.3 of the Federal Sentencing Guidelines entitled "Adequacy of Criminal History Category", the guidelines clearly allow for a sentencing court to use its own discretion when attributing the actual seriousness of certain crimes to a defendant's criminal history category. The Federal Sentencing Guidelines state in §4A1.3 that:

> There may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes....The court may conclude that the defendant's criminal history was significantly less serious than that of most defendants in the same criminal history category, and therefore consider a downward departure from the guidelines.

Since the Court at sentencing decided to attribute the aforementioned criminal history point to RODRIGUEZ based upon the misdemeanor described herein, RODRIGUEZ has been classified as level II in terms of criminal history points, despite the fact that RODRIGUEZ' criminal history is significantly less serious than that of most defendants in the same criminal history category.

Section §4A1.3 of the Federal Sentencing Guidelines was written for situations exactly like the one herein. RODRIGUEZ' label as a level II criminal clearly and unequivocally does not come close to representing the type of criminal RODRIGUEZ should be labeled as. The only crimes RODRIGUEZ ever took part in prior to the one at bar, resulted in a total sentence of two days credit time served and community service. RODRIGUEZ' past misdemeanors injured no one but himself and were simply acts based upon poor judgment which were clearly aberrant and distinct from any sort of activity RODRIGUEZ had ever undertook.

5.  That as a result of the Court's determination that RODRIGUEZ had a criminal history level of II rather than I, RODRIGUEZ was sentenced to incarceration in accordance with the guideline range of 51-63 months. More specifically, RODRIGUEZ was sentenced to the minimum mandatory sentence of 60 months. Had the Court at sentencing not taken into account the fact that RODRIGUEZ had taken an item with a store sale value of $1.19, RODRIGUEZ would have had a criminal history level of I and thus would have been subject to incarceration with the guideline range of 37-46 months, a period of incarceration that is significantly lower and more just than the one he was sentenced.

6.  A downward departure from the Federal Sentencing Guidelines regarding the attribution of one criminal history point to RODRIGUEZ should have been granted and RODRIGUEZ should have received only one criminal history point based upon his prior conduct. RODRIGUEZ never committed a single adult crime until he was 49 years of age. His entire adult life was spent crime free until he was arrested for petit theft of an item with a store sale value $1.19. RODRIGUEZ' petit theft crime herein described should not be attributed to his criminal history.

7.  That the Court also must reconsider its failure to award RODRIGUEZ with the appropriate adjustment pursuant to §5C1.2 of the Federal Sentencing Guidelines, acknowledging RODRIGUEZ' qualification for the safety valve in this matter. RODRIGUEZ meets all of the

qualifications required for this two point downward adjustment. While the Court found that RODRIGUEZ' past misdemeanors should attribute two criminal history points to him, the Court in turn determined that RODRIGUEZ failed to qualify for the safety valve reduction. However, based upon the argument pursuant to §4A1.3 of the Federal Sentencing Guidelines, RODRIGUEZ should have be afforded with only one criminal history point and therefore awarded the safety valve reduction pursuant to §5C1.2 of the Federal Sentencing Guidelines. Since it should have been determined that only one criminal history point should have been attributed to RODRIGUEZ, RODRIGUEZ would have met all of the criteria pursuant to §5C1.2 of the Federal Sentencing Guidelines and a two point reduction in his sentencing would have been imposed.

8.  That in light of the facts the Court at sentencing failed to consider regarding RODRIGUEZ' criminal history, RODRIGUEZ has been severely prejudiced in this cause and is entitled to a re-hearing as to his criminal history level and the sentence imposed upon him.

**WHEREFORE**, Defendant IGNACIO RODRIGUEZ respectfully moves for this Court to re-hear issues regarding his criminal history level for sentencing purposes and for an Order vacating the sentence imposed therein.

Respectfully submitted,

**Law Offices of Barry T. Shevlin, P.A.**
1111 Kane Concourse, Suite 605
Bay Harbor Islands, Florida 33154
Telephone: (305) 868-0304

By: _____
Barry T. Shevlin, Esq.
Florida Bar No.: 511587

## 10-G CERTIFICATE

**I HEREBY CERTIFY** that this Motion is brought in good faith and that I have attempted to contact Bruce Brown, Esq., the Assistant United States Attorney assigned to this matter but I have been unable to reach him.

By: _____
Barry T. Shevlin, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via Facsimile and U.S. Mail to Bruce Brown, Esq., Assistant United States Attorney, at 299 East Broward Blvd., Ft. Lauderdale, Florida 33301 and via Facsimile (305) 523-5496 and U.S. Mail to: Bonita Abrams, United States Probation Officer, 300 NE 1st Avenue, Suite #315, Miami, Florida 33132 on this ___ day of August 2001.

Law Offices of Barry T. Shevlin, P.A.
1111 Kane Concourse, Suite 605
Bay Harbor Islands, Florida 33154
Telephone: (305) 868-0304

By: _____
Barry T. Shevlin, Esq.