

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

June 12, 2002

RE: 01-16242-BB     USA v. Ignacio Rodriguez
DC DKT NO.: 00-06301 CR-NCR

TO:   Clarence Maddox

CC:   Barry T. Shevlin

CC:   Anne R. Schultz

CC:   Bruce O. Brown

CC:   Guy A. Lewis

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

June 12, 2002

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301



RE: 01-16242-BB      USA v. Ignacio Rodriguez
DC DKT NO.: 00-06301 CR-NCR

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one psi
    Original record on appeal or review, consisting of: three volumes

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (1-2001)

# United States Court of Appeals
For the Eleventh Circuit

No. 01-16242

District Court Docket No.
00-06301-CR-NCR



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

May 14, 2002

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IGNACIO RODRIGUEZ,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Florida

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.



Entered: May 14, 2002
For the Court: Thomas K. Kahn, Clerk
By: Eggleston, Nataki

**[DO NOT PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 01-16242
Non-Argument Calendar

---

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1 4 2002
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-06301-CR-NCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IGNACIO RODRIGUEZ,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Florida

---

(May 14, 2002)

Before EDMONDSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Ignacio Rodriguez appeals his 60-month sentence for possessing with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). On appeal, he argues that the district court erred in (1) failing to grant a downward departure pursuant to USSG § 4A1.3, (2) assessing one criminal history point for his petty theft conviction, and (3) failing to grant a "safety-valve" adjustment pursuant to USSG § 5C1.2. We affirm.

First, Rodriguez argues that the district court erred in failing to grant a downward departure under USSG § 4A1.3, because his criminal history category over-represents the seriousness of his past criminal history. We do not address this argument because this court lacks jurisdiction to review the district court's refusal to grant a downward departure in this case. The Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.*, prohibits a defendant from appealing a district court's refusal to grant a request for a downward departure. *United States v. Brenson*, 104 F.3d 1267, 1286 (11th Cir. 1997). Nonetheless, this court may review a district court's refusal to grant a downward departure when the district court bases its decision on the belief that it lacked the authority to consider a departure. *Id.*

Under USSG § 4A1.3, the district court may depart from the applicable guideline range where the criminal history category "significantly under-

represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." USSG § 4A1.3. The district court may also consider a downward departure where it concludes that the defendant's criminal history was significantly less serious than that of most defendants in the same criminal history category. *Id.*

The district court did not deny Rodriguez' request for a downward departure based on a belief that it did not have the necessary authority to consider a departure. To the contrary, the district court denied Rodriguez' request for downward departure on the merits. After hearing extensive arguments on the merits of a downward departure, the district court determined that a criminal history category of II adequately reflected the seriousness of Rodriguez' criminal history. We therefore conclude that this court has no jurisdiction to review this claim on appeal.

Next, Rodriguez argues that the district court erred in applying USSG § 4A1.2(c) by including his similar petit theft conviction in his criminal history calculation. Because Rodriguez previously articulated an objection to his criminal history score, we review the issue *de novo. See United States v. Jones*, 899 F.2d 1097, 1103 (11th Cir. 1990), *overruled in part on other grounds, United States v. Morrill*, 984 F.3d 1136 (11th Cir. 1993) (en banc).

3

Rodriguez petit larceny/theft conviction is a misdemeanor under Florida state law. *See* FLA. STAT. ANN. § 812.014(3)(a) (2000). A court generally counts sentences for misdemeanors and petty offenses in the criminal history score. USSG § 4A1.2(c). Sentences for the following misdemeanors, and offenses similar to them, are counted only if:

> (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense: careless or reckless driving, contempt of court, disorderly conduct or disturbing the peace, driving without a license or with a revoked or suspended license, false information to a police officer, fish and game violations, gambling, hindering or failure to obey a police officer, insufficient funds check, leaving the scene of an accident, local ordinance violations, non-support, prostitution, resisting arrest, and trespassing.

USSG § 4A1.2(c)(1). Misdemeanors such as "hitchhiking, juvenile status offenses and truancy, loitering, minor traffic infractions, public intoxication, and vagrancy" are never counted. USSG § 4A1.2(c)(2).

USSG § 4A1.2(c)(2) does not specifically exclude the offense of petit theft. Additionally, petit theft is neither listed in USSG § 4A1.2(c)(1), nor "similar to" the offenses listed therein. *See United States v. Horton*, 158 F.3d 1227, 1228 (11th Cir. 1998) (finding that simple assault is not similar to the offenses listed in USSG § 4A1.2(c)(1)). Consequently, we conclude that the district court properly assessed one criminal history point for Rodriguez' petit theft conviction.

Lastly, Rodriguez argues that, because the district court erroneously attributed him with a criminal history category of II, it incorrectly denied his rights for "safety-valve" protection under USSG § 5C1.2. This court reviews a district court's factual determinations under USSG § 5C1.2 for clear error. *United States v. Cruz*, 106 F.3d 1553, 1556 (11th Cir. 1997).

Under the sentencing guidelines "safety-valve" provision, where a defendant is convicted under 21 U.S.C. § 841, the district court is authorized to impose a sentence in accordance with the applicable guideline range, without regard to any statutory minimum sentence. USSG § 5C1.2. The mandatory sentence, however, must be at least five years imprisonment and the offense level cannot be less than 17. USSG § 5C1.2(b). To qualify for "safety-valve" protection, five criteria apply: (1) the defendant cannot have more than one criminal history point; (2) the defendant cannot have used violence or credible threats of violence, or possessed a firearm or other dangerous weapon in connection with the offense; (3) the offense must not have resulted in death or serious bodily injury to any person; (4) the defendant cannot be an organizer, leader, manager, or supervisor of others in the offense, and the defendant cannot have been engaged in a continuing criminal enterprise; and (5) the defendant must

have truthfully provided the government with all information and evidence concerning the offense. USSG § 5C1.2(a)(1)-(5).

Rodriguez fails to meet the "safety-valve" criteria. Based on Rodriguez' conviction for possession of marijuana, and his petit theft charge, which the district court properly assessed, Rodriguez has a total of two criminal history points, in contravention of USSG § 5C1.2(a)(1). Consequently, we conclude that Rodriguez is not eligible for "safety-valve" protection under USSG § 5C1.2.

Because the district court denied Rodriguez' motion for downward departure on the merits, rather than on the belief that it lacked the authority to depart, this court has no jurisdiction to review that denial on appeal. Also, because the district court properly calculated Rodriguez' criminal history score, and properly denied him "safety-valve" protection under USSG § 5C1.2, we affirm Rodriguez' sentence.

**AFFIRMED.**

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia